IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

vs.                                °    CASE NO. 1:17-10036-STA

CHRIS HAWKINS                       °

2255 HABEAS PETITION:

DEFENDANT HAWKINS PLEAD GUILTY TO ONE COUNT OF FELON IN POSSESSION OF A FIREARM, A VIOLATION OF 18 U.S.C. §922(g)(1). HE WAS SENTENCED TO A TOTAL PRISON TERM OF 33 MONTHS. HAWKINS DID NOT ATTEMPT AN APPEAL ON HIS CONVICTION OR SENTENCE, TO DATE.

ON JUNE 21, 2019, THE UNITED STATES SUPREME COURT HAS HELD THAT THE GOVERNMENT MUST PROVE BOTH THAT A DEFENDANT KNEW HE POSSESSED A FIREARM AND THAT HE KNEW HE BELONGED TO THE RELEVANT CATEGORY OF PERSONS BARRED FROM POSSESSING A FIREARM, IN REHAIF VS. UNITED STATES, US, 139 S.Ct. 2191 WHICH IN REHAIF WAS AN ILLEGAL ALIEN, see 18 U.S.C. §922(g)(5).

HERE, DEFENDANT HAWKINS IS ATTEMPTING TO ATTACK THE LEGALITY OF HIS SENTENCE, WHICH HE CAN ONLY BY FILING A MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE UNDER 28 U.S.C. §2255.

A PRISONER IN CUSTODY UNDER SENTENCE OF A COURT ESTABLISHED BY ACT OF CONGRESS CLAIMING THE RIGHT TO BE RELEASED UPON THE GROUND THAT THE SENTENCE WAS IMPOSED IN VIOLATION OF THE CONSTITUTION OR LAWS OF THE UNITED STATES, MAY MOVE THE COURT WHICH IMPOSED THE SENTENCE TO VACATE, SET ASIDE OR CORRECT SENTENCE. (2255 FEDERAL CUSTODY; REMEDIES ON MOTION ATTACKING SENTENCE (a))

(2)

A ONE YEAR PERIOD OF LIMITATION SHALL APPLY TO A MOTION UNDER THIS SECTION, THE LIMITATION PERIOD SHALL RUN FROM THE LATEST OF - - THE DATE ON WHICH THE RIGHT ASSERTED WAS INITIALLY RECOGNIZED BY THE SUPREME COURT, IF THAT RIGHT HAS BEEN NEWLY RECOGNIZED BY THE SUPREME COURT AND MADE RETROACTIVELY APPLICABLE TO CASES ON COLLATERAL REVIEW.

WITH THE AFOREMENTIONED PRESENTED, HAWKINS REQUEST THEN SAID COURT TO MOVE ACCORDING TO THE RECENT DECISION IN REHAIF IN WHICH NOW NULLIFIES HIS CONVICTION OF §922(g)(1). THIS PETITION IS WITHIN THE REQUIRED TIME CONSTRAINTS.

ACCORDINGLY, HAWKINS RESPECTFULLY REQUEST THIS SAID COURT TO PROVIDE AN ORDER TO VACATE HIS CURRENT SENTENCE AND CONVICTION IN WHICH, WILL RENDER A JUDGEMENT OF IMMEDIATE RELEASE.

IN WHICH THE DEFENDANT SHALL FOREVER PRAY