# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS HAWKINS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 1:19-cv-01239-STA-jay |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

## ORDER DENYING § 2255 PETITION,
## DENYING A CERTIFICATE OF APPEALABILITY,
## AND
## DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On October 8, 2019, Petitioner Chris Hawkins filed a motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (ECF No. 1.) The Petition is before the Court for preliminary review. For the following reasons, the Petition is **DENIED**.[1]

In July 2017, Hawkins entered into a plea agreement with the Government and pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). (*United States v. Hawkins*, No. 1:17-cr-10036 ("No. 17-cr-10036"), ECF No. 18 and ECF No. 19 (W.D. Tenn.).) In November 2017, he was sentenced to thirty-three months' imprisonment and three years of supervised release. (*Id.*, D.E. 25.) He did not take a direct appeal.

---

[1] Rule 4 provides that a § 2255 petition may be dismissed at the preliminary review stage "[i]f it plainly appears . . . that the moving party is not entitled to relief." Rule 4, *Rules Governing Section 2255 Proceedings for the United States District Courts*.

On August 9, 2019, Hawkins filed a motion in his criminal case requesting that an attorney be appointed to represent him in pursuing relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (*Id.*, ECF No. 29.) The Court denied the motion because a claim under *Rehaif* would be futile. (*Id.*, ECF No. 30.) The Court explained:

> Section 922(g) provides that it is unlawful for certain individuals to possess firearms and lists nine categories of individuals subject to the prohibition, including individuals previously convicted of a felony and aliens who are illegally or unlawfully in the United States. In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and [its associated sentencing statute] § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The defendant in *Rehaif* was convicted of possessing a firearm while being an alien illegally or unlawfully in the United States under § 922(g)(5), *see id.* at 2194–95, not for being felon in possession of a firearm as Defendant was in this case. The Supreme Court stated, "We express no view ... about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." *Id.* at 2200. Accordingly, *Rehaif* is not directly applicable to Defendant's case because the method of proof related to the knowledge requirement relevant to one's status as a previously convicted felon may be different than the method of proof related to the knowledge requirement relevant to one's status as an alien illegally or unlawfully in the United States. Moreover, there is no indication that the Supreme Court has made the holding in *Rehaif* retroactively applicable to invalidate an otherwise final conviction under § 922(g).

(*Id.*, ECF No. 30 at 1-2.)

For those same reasons, [2] the Petition is **DENIED**.

**APPEAL ISSUES**

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA

---

[2] Additionally, Hawkins' stipulation in the plea agreement that he "had prior felony convictions, and thus was prohibited from possessing a firearm," (*id.*, ECF No. 18 at 2), together with the facts set forth in the criminal history portion of the presentence report, would support a finding that he knew he was a felon.

may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[3]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
**S. THOMAS ANDERSON**
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 5, 2020.

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.